IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| EDUARDO HERNANDEZ, #1272764 | § | |
| VS. | § | CIVIL ACTION NO. 6:16cv629 |
| TEXAS DEPARTMENT OF CRIMINAL JUSTICE, ET AL. | § | |

## ORDER OF DISMISSAL

Plaintiff Eduardo Hernandez, an inmate confined at the Michael Unit of the Texas prison system, proceeding *pro se*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred to United States Magistrate Judge K. Nicole Mitchell, who issued a Report and Recommendation (Dkt. #17) concluding that the lawsuit should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Mr. Hernandez has filed objections (Dkt. #19).

Mr. Hernandez complains that inmates are forced to work without compensation. He argues that making inmates work without compensation amounts to slavery, in violation of the Thirteenth Amendment. Section 1 of the Thirteenth Amendment states the following:

> Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

The Fifth Circuit has repeatedly rejected lawsuits based on the Thirteenth Amendment where inmates complained they were not paid or compensated for their work product. *Ali v. Johnson*, 259 F.3d 317, 318 (5th Cir. 2001) ("[I]nmates sentenced to incarceration cannot state a viable Thirteenth Amendment claim if the prison system requires them to work."); *Wendt v. Lynaugh*,

1

841 F.2d 619, 620 (5th Cir. 1988); *Walker v. Director Texas Department of Criminal Justice*, 177 F. App'x 426 (5th Cir. 2006). The Court observed that the Thirteenth Amendment specifically excepts "punishment for crime whereof the party shall have been duly convicted." *Wendt*, 841 F.2d at 620. In his objections, Mr. Hernandez complains about Magistrate Judge Mitchell's assessment of his claims and accuses her of bias, but he has not shown that her conclusions were contrary to established law in this Circuit.

Mr. Hernandez spends an extensive amount of time in his objections focusing on Magistrate Judge Mitchell's conclusion that he does not have a constitutionally protected interest in good time and work time. "'[N]either habeas nor civil rights relief can be had absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States.'" *Hillard v. Bd. of Pardons and Paroles*, 759 F.2d 1190, 1192 (5th Cir. 1985) (citation omitted). "There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7, 99 S. Ct. 2100, 2014 (1979). Under the Constitution, a prison system is entitled to incarcerate an inmate the entire length of his sentence. A State may, however, establish a parole system. *Id.* An inmate may have a due process right in good time and an expectancy of early release depending upon the wording of a state statute. *Id.* at 11-12, 99 S. Ct. at 2106. Texas law, however, does not create an entitlement to release on parole. *Williams v. Briscoe*, 641 F.2d 274, 277 (5th Cir.), *cert. denied*, 454 U.S. 854, 102 S. Ct. 299 (1981).

By comparison, Texas' mandatory supervision law creates some "expectancy of release," thereby providing a protected liberty interest. *Boss v. Quarterman*, 552 F.3d 425, 427 (5th Cir. 2008). Thus the initial question for the Court's consideration is whether Mr. Hernandez is eligible for release on mandatory supervision. As was noted in the Report and Recommendation, Mr. Hernandez is in custody pursuant to five 2004 convictions for the offense of aggravated sexual assault of a child, and he was sentenced to life imprisonment for each offense. *See* https://offender.tdcj.texas.gov/OffenderSearch/offenderDetail.action?sid=05001388. He is not eligible for release on mandatory supervision due to the nature of his convictions. Tex. Gov't Code § 508.149(a)(8) (Vernon 2004). He is also ineligible for release on mandatory supervision because of his life sentences. *Arnold v. Cockrell*, 306 F.3d 277, 279 (5th Cir. 2002). Because he is not eligible for release on mandatory supervision, Mr. Hernandez does not have a protected liberty interest in good conduct time or work time associated with mandatory supervision. *Bagby v. Karriker*, 539 F. App'x 468, 469 (5th Cir. 2013).

In his objections, Mr. Hernandez complains at length about the convictions, but the legitimacy of the convictions is not before the court. He may challenge the convictions in habeas corpus proceedings in the appropriate courts, but the issue is not part of this lawsuit. At this juncture, he has convictions that make him ineligible for release on mandatory supervision. Because he is ineligible for release on mandatory supervision, he does not have a protected liberty interest in good conduct time or work time associated with release on mandatory supervision. *Id.* His claims about good conduct time and work time associated with mandatory supervision are frivolous.

Finally, Mr. Hernandez renews his complaint about officials punishing inmates if they refuse to work. The Fifth Circuit has clearly held, however, that the "refusal to work, by a group or even a single inmate, presents a serious threat to the orderly functioning of a prison. Any unjustified refusal to follow the established work regime is an invitation to sanctions." *Mikeska v. Collins*, 900 F.2d 833, 837 (5th Cir. 1990), *modified*, 928 F.2d 126 (5th Cir. 1991). Mr. Hernadez's complaints about inmates being forced to work and being punished if they refuse to work are frivolous.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Mr. Hernandez to the Report, the court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Mr. Hernandez's objections are without merit. Therefore, the court adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the court. It is accordingly

**ORDERED** that the complaint is **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). All motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** this **7** day of **March, 2017.**

_____
Ron Clark, United States District Judge